UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL K. ROBINSON,

    Plaintiff,

v.                                 Case No. 21-10684
                                   Honorable Victoria A. Roberts

SERRA CHEVROLET BUICK GMC
OF NASHVILLE, et al.,

    Defendants.
_____/

**ORDER: (1) GRANTING IN PART AND DENYING IN
PART SERRA CHEVROLET'S AND HOPKINS' MOTION TO
DISMISS COMPLAINT OR TRANSFER VENUE [ECF No. 6];
(2) TRANSFERRING THE CASE TO THE MIDDLE DISTRICT OF
TENNESSEE; AND (3) TRANSFERRING CREDIT ACCEPTANCE'S
MOTION TO COMPEL ARBITRATION [ECF No. 8] TO THE MDTN**

**I.    INTRODUCTION**

Samuel K. Robinson ("Robinson") brings this *pro se* action against Nashville Automotive, LLC d/b/a Serra Chevrolet Buick GMC of Nashville ("Serra"), Credit Acceptance Corporation ("CAC"), and Charles Hopkins ("Hopkins"). The dispute arises from the purchase of a used car from Serra in June 2020.

Before the Court are: (1) Serra's and Hopkins' (collectively "Serra" when referring to their arguments and motion) Motion to Dismiss Complaint

or Transfer Venue; and (2) CAC's Motion to Compel Arbitration and to Dismiss the Case or Stay Proceedings.  Both motions are fully briefed.

For the reasons below, Serra's Motion [ECF No. 6] is **GRANTED IN PART** and **DENIED IN PART**.

The Court **TRANSFERS** the case to the United States District Court for the Middle District of Tennessee.

The Court **TRANSFERS** CAC's Motion [ECF No. 8] to the Middle District of Tennessee.

II.   FACTS

The parties are: (1) Robinson, an individual who lives in Madison, Tennessee; (2) Serra, a car dealership in Madison, Tennessee; (3) Hopkins, a salesman at Serra who lives in Madison, Tennessee; and (4) CAC, a financing company/creditor which conducts business throughout both Michigan and Tennessee.

On June 19, 2020, Robinson and non-party Willie Carter ("Carter") executed a Retail Installment Contract (the "Contract") with Serra for the purchase of a used 2010 Chevrolet Impala.  Hopkins assisted them with the purchase, but non-party Bonnie Hackney was the employee who signed the Contract on behalf of Serra.  [*See* ECF No. 17, PageID.229].

Initially, Carter attempted to purchase the car himself. But he had insufficient credit to complete the purchase on his own, so Robinson agreed to help. Robinson alleges that he only agreed to co-sign the Contract. However, the Contract lists Robinson as a "Co-Buyer," and each line he signed and initialed indicates that he is a "Buyer."

Robinson alleges the Contract was falsified, and his signatures and initials were forged. Robinson fails to present any agreement which he says accurately represents the transaction.

Per the Contract, Robinson and Carter financed the purchase of the car from Serra with financing obtained from CAC. Carter defaulted on the payment terms and CAC contacted Robinson to recover. Robinson went into Serra's dealership and told Hopkins and a Serra manager that he only agreed to co-sign the Contract and was not a co-buyer. No one at Serra resolved the issue as Robinson requested.

Robinson alleges the following claims against Defendants generally: (1) violation of the Truth In Lending Act/Consumer Credit Protection Act, 15 U.S.C. § 1631(a); (2) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s–2; (3) fraud; (4) usury under Tenn. Code Ann. § 47-14-117; (5) violation of Mich. Comp. Laws § 438.31; (6) violation of 18 U.S.C. § 1343; (7) violation of 18 U.S.C. § 241; and (8) violation of 42 U.S.C. § 1981.

## III. DISCUSSION

### A. Serra's Motion to Dismiss Complaint or Transfer Venue

Serra moves to dismiss the complaint on several grounds. It says: (1) Robinson fails to state a cognizable claim pursuant to Fed. R. Civ. P. 12(b)(6); (2) there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332; (3) Hopkins is not subject to the personal jurisdiction of this Court; and (4) the case should be dismissed because the Contract contains an arbitration clause. Alternatively, Serra says the Court should dismiss – or transfer – the case for improper venue under 28 U.S.C. § 1391(b) or transfer the case to the Middle District of Tennessee under 28 U.S.C. § 1404(a) as a more convenient forum.

The Court must first address subject matter jurisdiction since federal courts are courts of limited jurisdiction. While the Court does not have diversity jurisdiction, there is federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the claims alleged under federal law.

Rather than address Serra's other grounds for dismissal, the Court next turns to venue – because if venue is improper, the Court must dismiss the case or transfer it to the proper district.

Serra says venue is improper under 28 U.S.C. § 1391(b). That statute provides:

4

A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"In cases with multiple defendants, venue must be proper with respect to all defendants." *Domino's Pizza PMC v. Caribbean Rhino, Inc.*, 453 F. Supp. 2d 998, 1005 (E.D. Mich. 2006). When a defendant raises an objection to venue, the plaintiff bears the burden to establish that venue is proper. *Id.* at 1006.

Because all Defendants do not reside in Michigan – Hopkins is domiciled in Madison, Tennessee, which is located in the Middle District of Tennessee, *see* 28 U.S.C. § 1391(c)(1) ("a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled") – § 1391(b)(1) is not applicable. Thus, the Court must examine the

5

requirements of venue under § 1391(b)(2) to determine if venue is proper in this District..

The test for determining venue under § 1391(b)(2) focuses on the location of the "events or omissions giving rise to the claim." 28 U.S.C. § 1391(b)(2). The relevant question is "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Domino's Pizza PMC*, 453 F. Supp. 2d at 1006 (citation omitted). The purpose of the "substantiality" requirement is to prevent a defendant from unfairly being hauled into a remote district that has no real relationship to the dispute. *Id.* (citation omitted).

Robinson bears the burden to establish that a substantial part of the events giving rise to the lawsuit occurred in the Eastern District of Michigan. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000). In making this determination in tort actions, "the facts that courts focus on include the place where the allegedly tortious actions occurred and the place where the harms were felt." *See Means v. United States Conf. of Cath. Bishops*, No. 13-14916, 2015 WL 13035285, at *2 (E.D. Mich. Mar. 31, 2015) (citation omitted).

Serra argues that a substantial part of the events or omissions giving rise to Robinson's claims did not occur in this District; it says they occurred

6

in the Middle District of Tennessee. Specifically, Serra says the purportedly false statements and/or actionable conduct of Defendants took place in Tennessee; the sale of the Vehicle took place at Serra's car dealership in Madison, Tennessee; Robinson signed the Contract in Madison, Tennessee; the witnesses to the transaction are located in Madison, Tennessee; and subsequent communications between Robinson and Serra and/or Hopkins transpired while the parties were in Madison, Tennessee.

Robinson says that a substantial part of the events giving rise to his claims occurred in the Eastern District of Michigan. Here: (1) his credit was assessed and approved; (2) a trade line was established, and information was reported, on his credit report; (3) CAC determined the terms of the Contract; (4) a "conversation concerning recalling the contract" occurred; and (5) "the overall retention and maintenance of the contract" occurs. Moreover, Robinson summarily asserts that "partial planning to falsify the contract," "willful acceptance and execution of a fraudulent instrument," and two investigations, "from which further fraud was committed" occurred in this District. Finally, Robinson claims – without support – that CAC is not subject to jurisdiction in Tennessee.

7

However, Robinson also admits in his response that "one could only conclude that the actions of the Plaintiff and [Defendants Serra and Hopkins] took place in Tennessee." [ECF No. 17, PageID.238]. Thus, Robinson admits that the events and omissions which give rise to his claims against Serra and Hopkins occurred in Tennessee.

The Court finds that Robinson fails to meet his burden to show that venue is proper in Michigan – "with respect to all defendants." *See Domino's Pizza PMC*, 453 F. Supp. 2d at 1005 ("In cases with multiple defendants, venue must be proper with respect to all defendants."). Even if Robinson could be considered to have shown that venue is proper as to CAC in Michigan – the one Defendant which apparently has engaged in some activity in Michigan – venue must be proper with respect to all Defendants. *See Overland*, 79 F. Supp. 2d at 812-13 ("Even if Plaintiff could be considered to have shown that venue is proper as to Shop–Task, Inc., the one Defendant which apparently has engaged in some activity in Michigan, venue must be proper with respect to all Defendants, which Plaintiff has not shown."). Robinson fails to show this.

Under these circumstances, the Court may: "(1) dismiss this action pursuant to 28 U.S.C. § 1406(a), (2) transfer the entire case to another district where venue is proper for all Defendants pursuant to 28 U.S.C. §

1406(a), or (3) sever the claims in the case, retain jurisdiction over the Defendant for whom venue is proper, and transfer the other claims." *Id.* at 813.

For purposes of venue – under 28 U.S.C. § 1391(c) – each Defendant is a resident of – or resides in – the Middle District of Tennessee. Under § 1391(b)(1), venue is proper in the Middle District of Tennessee with respect to all Defendants. For this reason, the Court declines to dismiss the case.

Moreover, as in *Overland*, severing the claims would not be proper. *See id.* ("When the conduct of a co-defendant as to whom venue is proper is central to the issues raised by the plaintiff against those subject to transfer, the grant of a severance would not ordinarily be consistent with the sound exercise of discretion." (citation omitted)).

The Court TRANSFERS the case to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1406(a).

B.   **CAC's Motion to Compel Arbitration**

Because venue is improper in this District, the Court refrains from deciding CAC's Motion to Compel Arbitration. The Court TRANSFERS that motion to the Middle District of Tennessee.

## IV. CONCLUSION

The Court:

(1) **GRANTS IN PART** and **DENIES IN PART** Serra's Motion to Dismiss or Transfer Venue [ECF No. 6];

(2) **TRANSFERS** the Case to the United States District Court for the Middle District of Tennessee; and

(3) **TRANSFERS** CAC's Motion to Compel Arbitration and to Dismiss or Stay Proceedings [ECF No. 8] to the Middle District of Tennessee.

**IT IS ORDERED**.

                                            s/ Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: August 26, 2021